UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| RED RIVER UNITED, SARAH DAIGLE, KRISTA GORE, CHRISTINA LAUGHLIN, KATIE SWEETEN AND PATRICIA STALLCUP | CIVIL ACTION NO.: |
| v. | JUDGE: |
| CADDO PARISH SCHOOL BOARD | MAGISTRATE: |

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes CADDO PARISH SCHOOL BOARD ("CPSB" or "Defendant"), which, while reserving any and all available defenses, removes this action to the United States District Court for the Western District of Louisiana (Shreveport Division) on the following grounds:

### **Facts**

1.

On April 5, 2021, RED RIVER UNITED, SARAH DAIGLE, KRISTA GORE, CHRISTINA LAUGHLIN, KATIE SWEETEN AND PATRICIA STALLCUP ("Plaintiffs") filed a Petition for Declaratory Judgment and Preliminary Injunction against CPSB in the First Judicial District, Caddo Parish, State of Louisiana, captioned *Red River United, Sarah Daigle, Krista Gore, Christina Laughlin, Katie Sweeten and Patricia*

*Stallcup v. Caddo Parish School Board*, Case No. 629,520-C, First Judicial District Court, Caddo Parish, Louisiana. The citation and petition were served on CPSB on April 8, 2021.

2.

In the petition, Plaintiffs purportedly assert a state law claim of denial of equal protection under the Louisiana Constitution, Article I, Section 3, alleging that CPSB's recently announced one-time pay supplement to be provided to qualifying employees at the end of the 2020-2021 school year unreasonably discriminates on the basis of sex and/or physical condition/disability. [Petition, ¶¶ 13-14]. The contentions are premised on the fact that that the supplement requires that the employees work at least 90 percent of the available workdays through the end of the 2020-2021 school year (or a pro rata percentage thereof for those who began employment after the start of the 2020-2021 school year), but it makes an exception for any leave of absence taken for federally mandated Emergency Paid Sick Leave ("EPSL") under the federal Families First Coronavirus Response Act[1] ("FFCRA"). EPSL is the only leave of absence not counted against CPSB employees for purposes of calculating the 90 percent requirement under the terms of the challenged policy.[2] [Petition, Ex. 1]. Specifically, the Plaintiffs contend that there is no reasonable justification for CPSB to provide leave exemptions for EPSL leave but not for

---

[1] *See,* 29 U.S.C. § 2601, Statutory Note (2020). The FFCRA and EPSL requirements expired on December 31, 2020. [Petition, ¶ 7].

[2] The other exceptions under the stated policy (i.e., workshops and professional leave days) are not really leaves of absence but rather compensable work days on which the employee receives job-related training or other approved continuing education related to their work. Ex. 1 of Petition.

pregnancy/maternity leave or other non-EPSL covered medical leave. [Petition, ¶¶ 15-17, 30-33, 46-48, 54].

3.

This suit is an action over which this Court has original jurisdiction under 28 U.S.C §1331 and supplemental jurisdiction under 28 U.S.C. §1367. This suit may therefore be removed to this Court under 28 U.S.C. §§1441 and 1446.

### Federal Question Jurisdiction

4.

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315, 125, S.Ct. 2363 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258.  As set forth below, this case meets all four requirements.

5.

Although Plaintiffs ostensibly plead their theories of recovery against CPSB as a state law claim, the basis of their primary claim (i.e., denial of equal protection based on the exception for EPSL leave but not other leaves) is grounded on federal law. Specifically,

Plaintiffs are required to prove that there was no reasonable or rational basis for not counting EPSL leave against employees but counting other forms of leave against them.

6.

Section 5104 of the EPSL ("Prohibited Acts") expressly states that "it shall be unlawful for any employer to discharge, discipline, or *in any other manner discriminate* against any employee who (1) takes [EPSL] leave in accordance with this Act." [Emphasis added]. The U.S. Department of Labor ("USDOL") reaffirmed this as it relates to EPSL leave in its Temporary Rule issued on April 6, 2020. *See,* 85 Fed. Reg. 19326, 19340 (April 6, 2020);[3] 29 C.F.R. § 826.150. As Plaintiffs point out in their petition, for all other forms of FMLA leave (unlike EPSL), Congress and the U.S. Department of Labor allow supplemental payments to be denied based in part on failure to achieve a specified goal unless otherwise paid to employees on an equivalent leave status for a reason that does not qualify as FMLA leave, such as vacation.[4] [Petition, ¶¶ 51-53].

7.

The fact that Congress and the U.S. Department of Labor promulgated special paid leave, anti-discrimination prohibitions and rules unique to EPSL-qualifying reasons during the 4/1/20 through 12/31/20 national public health emergency period is a key issue underlying Plaintiffs' challenge to the EPSL exception under CPSB's policy. Therefore,

---

[3] This rule was revised as to other grounds in September 2020. 85 Fed. Reg. 57677 (September 18, 2020). The original rule with respect to prohibited acts under the EPSL was unchanged.

[4] The FFCRA's Emergency Family Medical Leave (EFMLA) provisions adopt the prohibitions and regulations with respect to traditional FMLA leave, which substantively differ from the prohibitions for EPSL.

Plaintiffs' claims necessarily turn on substantial questions of federal law and Congressional intent in order to establish the crucial element of their alleged denial of equal protection claim, i.e., whether there was a reasonable basis for the distinction between EPSL leave and other forms of leave. Plaintiffs contend there was no basis for the distinction; that is clearly in dispute as evidenced by the FFCRA's EPSL statutory prohibitions and the USDOL temporary rule.

8.

The U.S. Supreme Court has stated that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. at 312. This Court's exercise of jurisdiction over this issue will not disrupt the balance between federal and state jurisdiction adopted by Congress; challenges over Congressional intent and federal agency actions are routinely decided in federal court. For the above reasons, this Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331 under the "substantial federal question"/*Grable* doctrine.

9.

Because any potential state law claims that may not turn on substantial federal questions nonetheless form part of the same case or controversy as the claims governed by federal question law, this Court may exercise supplemental jurisdiction over any potential state law claims under 28 U.S.C. §1367.

10.

Accordingly, this suit is removable pursuant to 28 U.S.C. §1441(a) & (c).

**Procedural Requirements**

11.

CPSB was served with Plaintiffs' Petition on April 8, 2021. In accordance with the provisions of 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days of receipt by CPSB, through service or otherwise, of a copy of Plaintiffs' Petition. Accordingly, this Notice of Removal is timely filed.

12.

Pursuant to 28 U.S.C. §1446(b)(2)(a), CPSB states it is the only defendant; thus, no other party needs to join in and consent to this removal.

13.

CPSB files and presents herewith the sum of $402.00 as required by 28 U.S.C § 1914(a).

14.

As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal has been sent to Plaintiff's counsel of record and will be filed with the Clerk of Court, First Judicial District, Caddo Parish, State of Louisiana.

**State Court Pleadings**

15.

In accordance with 28 U.S.C. §1446(a), CPSB files herewith a copy of all pleadings filed in this action to date:

- A copy of the Citation and Plaintiffs' "Petition for Declaratory Judgment and Preliminary Injunction" Suit No. 629,520-C filed in the 1st Judicial District Court, Caddo Parish, Louisiana, on April 5, 2021 (Exhibit A).
- A copy of the Rule to Show Cause (issued April 6, 2021) setting the matter for hearing on May 17, 2021, before Judge Michael Pitman as to why a preliminary injunction should not issue prohibiting CPSB from implementing the "Heroes Supplement for School Year 2020-2021."
- A copy of the service return showing service of the citation and rule to show cause on April 8, 2021 (filed April 9, 2021).
- A copy of the Notice of Filing to the Louisiana Attorney General Jeff Landry (issued April 6, 2021).
- A copy of Defendant's unopposed motion for extension of time to answer or otherwise respond to the Petition, filed on April 22, 2021.
- A copy of Judge Pitman's order granting the motion for 14-day extension of time to answer or otherwise respond to the Petition, extending the deadline to answer or respond from April 23, 2021 to May 7, 2021, signed on April 23, 2021.

**Reservation of All Defenses**

16.

CPSB specifically reserves any and all defenses available to it, including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, improper joinder of claims

and/or parties, failure to state a claim, failure to join an indispensable party or parties, or any other procedural or substantive defense available under state or federal law.

17.

If any question arises as to the propriety of the removal of this action, CPSB requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

WHEREFORE, Caddo Parish School Board prays that this action be removed from the First Judicial District Court, Caddo Parish, Louisiana to the United States District Court for the Western District of Louisiana, Shreveport Division and for all general and equitable relief.

Respectfully submitted,

KEAN MILLER LLP

By: */s/Brian R. Carnie*
   Brian R. Carnie, T.A., La. Bar #30868
   Michael D. Lowe, La. Bar #29323
333 Texas Street, Suite 450
Shreveport, LA 71101
Telephone: (318) 562-2700
Facsimile: (318) 562-2751
Email: brian.carnie@keanmiller.com
       michael.lowe@keanmiller.com

Mary Kathryn Gimber, La. Bar #38748
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
Email: marykathryn.gimber@keanmiller.com

***ATTORNEYS FOR CADDO PARISH SCHOOL BOARD***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 5th day of May, 2021. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

                                            */s/Brian R. Carnie*
                                               OF COUNSEL