laram                                                                    CPCC.CV.2536407

# Citation

RED RIVER UNITED ETAL                    NO. 629520– C
          VS                       STATE OF LOUISIANA
CADDO PARISH SCHOOL BOARD                PARISH OF CADDO
                                         FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   CADDO PARISH SCHOOL BOARD
                              THRU CADDO PARISH SCHOOL BOARD PRESIDENT JOHN
                              ALBRITTON
                              1961 MIDWAY AVE.
                              SHREVEPORT, LA
                              71130

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 6, 2021.

    *Also attached are the following:        **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

_____                                              Deputy Clerk


                                              ALLISON A JONES - 8134

                                                   Attorney

                          A TRUE COPY - ATTEST

                                            Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer
immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer
Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 -
7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through
Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding
accommodation and assistance.



**SERVICE COPY**

RED RIVER UNITED,                          FIRST JUDICIAL DISTRICT COURT
SARAH DAIGLE, KRISTA GORE,
CHRISTINA LAUGHLIN, KATIE SWEETEN
AND PATRICIA STALLCUP                       CADDO PARISH, LOUISIANA

VERSUS

CADDO PARISH SCHOOL BOARD                   SECTION _____

## PETITION FOR DECLARATORY JUDGMENT
## AND PRELIMINARY INJUNCTION

  This is an action for declaratory and injunctive relief.   The plaintiffs seek a judicial declaration from this court that the Caddo Parish School Board's one-time supplemental pay plan, which Defendant calls the "Heroes Supplement for School Year 2020-2021," (the "Pay Supplement") is unconstitutional because it discriminates unreasonably against female employees and discriminates unreasonably against employees who have a physical condition or handicap. Discrimination on the basis of sex and physical condition is prohibited by the equal protection guarantee of La.Const. Art. I, Section 3.   Alternatively, the Pay Supplement criteria serves no rational or legitimate public purpose.

  Plaintiffs request a preliminary restraining order prohibiting the Caddo Parish School Board from implementing the one-time Pay Supplement until a hearing can be held to determine whether or not the plan is constitutional.

I.
THE PARTIES

DEFENDANT

  Defendant is the Caddo Parish School Board ("CPSB"), a political subdivision of the state of Louisiana and the governing body of the public school system in Caddo Parish, Louisiana.   The CPSB has legal personality to sue and be sued.  Its policies and enactments are government actions that are subject to the limitations imposed upon government action by the Louisiana Constitution, and specifically La. Const. Art. I, Section 3.  The CPSB may be served through its President, John Albritton.

PLAINTIFFS

RED RIVER UNITED ("RRU"), a chartered organization of the American Federation of Teachers, AFL-CIO, a local union comprised of employees of the Caddo Parish School Board ("CPSB") with its principal place of business in Shreveport, Louisiana.   RRU brings this action in its representative capacity for its members and has associational standing.

KRISTA GORE ("Gore"), CHRISTINA LAUGHLIN ("Laughlin") and KATIE SWEETEN ("Sweeten") are adult females employed as teachers by the CPSB.  Gore, Laughlin and Sweeten would be eligible to receive the one-time pay supplement but for the plan's use of selection criteria that unreasonably discriminates against them on the basis of their sex, female.

SARAH DAIGLE ("Daigle") and PATRICIA STALLCUP ("Stallcup") are adults employed as teachers by the CPSB.  Daigle and Stallcup would be eligible to receive the one-time pay supplement but for the plan's use of selection criteria that unreasonably discriminates against them on the basis of their physical condition and/ or handicap.

II.
STATEMENT OF FACTS

1.

The Board's One-Time Supplemental Pay Plan

At its regular meeting on March 23, 2021, the Caddo Parish School Board voted to "approve the proposed Heroes Supplement allocating $1,000 per eligible employee for a one-time supplement as recommended by the superintendent and submitted in the electronic mailout." The one-time supplement will be paid to eligible employees in a single check in June 2021. A copy of the record of the Board's action is attached hereto as Ex. 1.

2.

The "electronic mailout" which declares the objectives of the pay plan and the means by which the objectives would be is a memo to the Board from Caddo Parish School Superintendent Lamar Goree dated February 26,2021.   The memo is the only written document specifying the purpose for the public purpose of the monetary reward and the means by which that purpose will be achieved.   A copy of the memo from Superintendent Goree to the CPSB and provided to the board members in the electronic mailout is attached hereto as Exhibit 2 and reproduced below.



3.

The objective of the one-time pay supplement, as stated in the memo, is to recognize that "Caddo's staff has continuously gone above and beyond to support students and the community" and to "reward teachers and staff for their efforts."   The objective does not restrict the performance of these efforts to the current school year, and instead declares that the employees "continuously" put forth the extra effort for which a reward is justified.

4.

Though the approved objective of the pay supplement clearly is not to incentivize attendance the only means by which the objective is to be achieved is measurement of attendance. Of all the employees who have continuously gone above and beyond to support students and the community, only those who had not already missed 10% of the workdays specified for their job positions in the current school year as of March 23, 2021, and who continue to maintain a 90% attendance level through the end of the year will receive the reward.

5.

The eligibility requirements approved March 23, 2021, apply retroactively to 2020 at the beginning of the school year and prospectively to the end of the school year in 2021.

6.

The eligibility requirements exempt certain types of absences:  workshops, in-service days, and absence taken pursuant to the federal Emergency Paid Sick Leave Act ("EPSLA").  This Act provides for up to 80 hours of paid sick leave for an employee who must be absent from work due to any one of six (6) leave-qualifying conditions or circumstances related to the coronavirus.

7.

The EPSLA expired December 31, 2020.  Thus, the exemption for EPSLA absences benefits only those employees who qualified for the EPSLA benefit any time between April 1, 2020 (the effective date of EPSLA) through December 31, 2020 (the expiration date of EPSLA). Employees who have been absent from work since December 31, 2020, for any of the six (6) coronavirus-related reasons formerly covered by the EPSLA[1] and employees who will be absent for those reasons prior to the end of the school year, will have those absences counted against them for purposes of determining whether they reached the 90% attendance quota.

8.

The eligibility requirements make further exception for teachers, full-time substitutes, and other employees hired after the start of the school year, providing that "Employees hired after the beginning of their position's work calendar would be eligible for a prorated one-time supplement if they worked 90 percent of the days required in their job description from their date of hire." The eligibility requirements do not permit a prorated reward under any other circumstances.

9.

The proposed reward pay plan was vehemently opposed by Red River United and individual CPSB employees and members of the public.  Addressing the board directly at its meeting on March 23, 2021, opponents pointed out that the eligibility criteria was not reasonably related to the objectives of the pay plan and that the eligibility requirements unreasonably discriminated against female employees, who had been or would be absent due to pregnancy and childbirth and unreasonably discriminated against employees who had been or would be absent

---

[1] The six (6) qualifying conditions for EPSLA are (1) quarantine or isolation orders; (2) a recommendation to self-quarantine; (3) seeking a medical diagnosis for Covid-19 symptoms; (4) caring for an individual who is quarantining or isolating; (5) childcare to a Covid-19 school closure; and (6) other substantially similar conditions. See 29 C.F.R. 826.20(a)(1)(i) – (a)(1)(vi).

from work due to physical condition / handicap.    Opponents also objected to the fact that the eligibility requirements were imposed retroactively, as this unfairly punished otherwise eligible employees.

10.

Despite the obvious legal defects in the pay plan, and despite clearly articulated objections that the pay plan was discriminatory and the attendance quotas arbitrary and capricious, the pay plan was approved at the board meeting on March 23, 2021.

11.

Voting in favor were Board Members Steve Riall, Jasmine Green, Terence Vinson, Don W Little, Bonita Douzart, Mary Trammel, Christine Tharpe, Tony Nations, John L Albritton, and Dottie Bell.  Board Members Raymond E. Green and Barry F. Rachel voted "No."  See Exhibit 1.

III.
STATEMENT OF CLAIMS

DENIAL OF EQUAL PROTECTION

12.

All Plaintiffs seek a judicial declaration that the CPSB's one-time pay supplement plan discriminates on the basis of sex and on the basis of physical condition in violation of the equal protection guarantee of La. Const. Art. I, Section 3.

13.

La. Const. Art. I, Section 3 states:

"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."

14.

The means by which the CPSB intends to meet the declared objective of the on-time pay supplement violates La. Const. Art. I, section 3 because the attendance quota is arbitrary, capricious, and unreasonably discriminates against otherwise qualified employees on the basis of their sex and / or their physical condition or handicap.

15.

SEX DISCRIMINATION

The means by which the CPSB intends to meet the objective of rewarding employees for going above and beyond in their efforts to serve students and the community is an arbitrary, capricious and unreasonable attendance quota that disadvantages female employees who are or became pregnant during the current school year and therefor used pregnancy leave, extended sick leave, or maternity leave.

16.

The plan provides attendance exemptions for one paid leave plan, EPSLA, but does not make any exemption for pregnancy or maternity leave or similar pregnancy leave-qualifying conditions. The plan further provides a partial exemption for employees who were hired after the start of the school year (and would thus be unable to meet a 90% attendance quota because they were not employed for the full term) by allowing for a prorated pay supplement.

17.

Current employees who were absent due to pregnancy and related conditions were not provided any similar exemptions. There is no reasonable justification for the CPSB to provide leave exemptions some health conditions but not for pregnancy and related conditions.

18.

Plaintiffs treated differently because of their sex, female.

Plaintiff Krista Gore has been employed as a teacher by CPSB for seven (7) years. She was on maternity / extended sick leave for 19 days during the beginning of the 2020-2021 school year. During that time, she performed innumerable work tasks, remotely, to facilitate the educational needs of her students until she could be physically present in the classroom. She returned to the classroom in person September 21, 2020.

19.

But for her maternity extended sick leave, Gore would be eligible for the one-time pay supplement to be distributed in June 2021.

20.

Though Gore is not eligible because she was on maternity leave for 19 days (and working remotely) during the first 19 days of the school year, teachers and long-term substitutes hired on and after September 21, 2020 are eligible for the pay supplement on a pro rata basis pursuant to the attendance criteria specified in the pay plan.

21.

There is no reasonable basis for treating late-hired teachers and long-term substitutes better or more favorably than Gore. Late-hired teachers and long-term substitutes beginning work after the start of the school year will be paid the bonus on a pro rata basis. Gore, who was already an employee and who actually contributed above and beyond the call of duty by working during her maternity leave, is not eligible because of her 19-day maternity leave absence.

22.

Plaintiff Christine Laughlin has been employed by CPSB as a teacher for three (3) years. Upon knowledge of her pregnancy and realizing that she likely would be absent due to maternity leave during the school term, Laughlin worked tirelessly over the summer, before school began – days that were not workdays for her job position – to prepare as much in advance as possible to support her students during her absence.

23.

After the school year began, Laughlin taught all day, then worked during evenings, weekends and holidays to make modules, lessons and tests customized to the particular needs of her students for the substitute teacher to use during Laughlin's maternity leave.

24.

Laughlin's son was born December 1, 2020. Though on maternity leave and not present in the classroom, Laughlin was able to perform some work from home. She maintained contact with her substitute teacher and the teaching team. She participated in parent conferences via DOJO. Laughlin returned to the classroom March 1, 2021.

25.

But for her maternity leave, Laughlin would currently qualify for the one-time pay supplement to be distributed in June 2021.

26.

Late-hired teachers and long-term substitutes beginning work at any time after the start of the school year will be paid the bonus on a pro rata basis. Laughlin, who was already and employee and who actually contributed above and beyond the call of duty by working during her summer vacation, after hours and on weekends during the school year, and during her maternity leave, is not eligible because of her two-month maternity leave absence.

27.

Plaintiff Katie Sweeten is a teacher employed by the CPSB for six (6) years. During the 2020-2021 school year Sweeten was confined to bed rest due to high-risk pregnancy and unable to work in the classroom. She was on extended sick leave for approximately two (2) months. During that time, she performed work remotely whenever possible.

28.

But for her pregnancy leave, Sweeten would currently qualify for the one-time pay supplement to be distributed in June 2021.

29.

Teachers and long-term substitutes hired after the school year began will receive the one-time bonus on a pro rata basis. Sweeten, who was already a CPSB employee and who worked above and beyond the call of duty in anticipation of her maternity leave to support her students and the community will receive nothing.

30.

DISCRIMINATION ON THE BASIS OF PHYSICAL CONDITION / HANDICAP

The means by which the CPSB intends to meet the objective of rewarding employees for going above and beyond in their efforts to serve students and the community is an arbitrary, capricious and unreasonable attendance quota that discriminates against employees on the basis of physical condition or handicap.

31.

The plan provides attendance exemptions for only one type of leave, EPSLA.  It provides no attendance exemption for employees who must take a leave of absence because of other physical condition or handicap.  The one leave exemption, EPSLA, is arbitrary for several reasons, not the least of which is the fact that the EPSLA expired December 31, 2020, making that single leave exemption applicable only to employees who met one of the six EPSLA qualifying conditions prior to December 31, 2020.  Employees who are absent for the same reason after December 31, 2020, are not entitled an EPSLA exemption and they will be penalized for those absences.

32.

The plan further provides a partial exemption for employees who were hired after the start of the school year (and would thus be unable to meet a 90% attendance quota because they were not employed for the full term) by allowing for a prorated supplement.

33.

Current employees who were absent due to physical condition and / or handicap were not provided any similar consideration.  There is no reasonable justification for the CPSB to provide leave exemptions for some employees, but not for all.

34.

<u>Plaintiffs treated differently because of physical condition / handicap</u>
<u>Sarah Daigle</u>

Plaintiff Sarah Daigle has been employed by the CPSB as a teacher for 16 years.

35.

Daigle is a dedicated professional who started the 2020-2021 school year teaching in-person in the classroom and worked diligently to help her students overcome innumerable challenges that threatened their educational objectives.

36.

Daigle had regular attendance until January 4, 2021, when she fell and fractured her upper arm on her dominate side.  This injury required emergency surgery and weeks of painful recovery during which time Daigle was unable to perform her regular duties in the classroom.

37.

Daigle has a permanent injury with greatly restricted mobility of her right arm and shoulder. This is a serious impairment of her ability to reach and lift and affects the major life activities of caring for herself, carrying out ordinary household chores, driving and working.

38.

Daigle was on sick leave following her injury and during the first weeks of her recovery. During that time, she managed to perform as much work as possible remotely from her home. She was able to communicate with the principal and with parents by email. She posted messages to parents via Class DOJO and posted student assignments to the District's electronic program, "Canvas."

39.

Daigle was able to return to teaching in the classroom, with physical restrictions, on March 29, 2021.

40.

But for her sudden and unexpected injury, and the physical condition of permanent partial disability it caused, Daigle would have been eligible for the one-time pay supplement due to be distributed in June 2021.

41.

Teachers and long-term substitutes hired after the school year began will receive the one-time bonus on a pro rata basis. Daigle, who was already a CPSB employee and who worked above and beyond the call of duty in all years of service to support students and the community including the current school year and during her period of full disability, will receive nothing.

42.

Patricia Stallcup

Plaintiff Patricia Stallcup ("Stallcup") is a teacher employed 27 years by the CPSB. Due to health conditions that made her extremely vulnerable to having life-threatening complications if infected with Covid-19, Stallcup sought and was denied an accommodation to work entirely remotely. Consequently, a full-time substitute was retained to work in Stallcup's classroom Monday through Thursday. The substitute provided in-person instruction to students present in the classroom. Stallcup provided instruction remotely by Zoom to students receiving virtual

lessons but was not physically in the classroom when students and others were present.  Stallcup was present in her classroom for virtual instruction on Fridays, when students were not present.

43.

Though the substitute was physically present in the classroom while Stallcup taught remotely, it was Stallcup who prepared the daily lessons and all other materials required for successful instruction.  Further, Stallcup was accessible remotely for all necessary training, meetings, and parent contacts.

44.

Because the superintendent refused to accept Stallcup's remote work as "attendance," the days she was not physically present in the classroom were counted against her sick leave. Consequently, Stallcup accumulated more than 17 days of absence.  Thus, despite going above and beyond her regular duties to teach her students during the 2020/2021 school term, Stallcup and teachers across the district just like her, are not eligible to receive the CPSB one-time reward allocated from sales tax revenues.

45.

Red River United

As the representative of CPSB employees, RRU joins Plaintiffs Daigle, Gore, Laughlin, Sweeten and Stallcup in seeking a declaration from this court that the one-time pay supplement is discriminatory and treats employees differently on the basis of sex and physical condition / handicap in violation of La. Const. Art. I, section 3.

46.

In addition to the discriminatory effect of this plan described in conjunction with complaints of each individual plaintiff, RRU shows that the attendance exemption which the CPSB plan provides for the Emergency Paid Sick Leave Act is arbitrary and capricious because it treats employees differently without any justification at all depending upon when they experience the EPSLA qualifying condition.

47.

The EPSLA expired December 31, 2020.  See 29 C.F.R. §826.10(b).  Only those CPSB employees who experienced one of the six (6) EPSLA qualifying conditions[2] during the 2020-2021 school year, but prior to December 31, 2020, benefit from having those absences not counted against them for purposes of determining whether they can achieve 90% attendance by the end of the school year.

48.

All CPSB employees who are absent after December 31, 2020, for a reason that would have been covered by the EPSLA had it not expired must have their absences counted for purposes of determining whether they can achieve 90% attendance because there is no longer any basis in law to provide them with the EPSLA exemption.   The waves of Covid-19 infections in Caddo Parish surged January and February of 2021, and CPSB employees will continue to face infection risk in the performance of their job duties.  There is no rational or legitimate reason for the CPSB to provide an exemption to employees who encountered Covid-19 attendance issues prior to December 31, 2020 but deny the same exemption to employees who have or will have absences for identical reasons after December 31, 2020 but before the end of the school year.

49.

The CPSB criteria for eligibility for the one-time pay supplement also discriminates against employees who have taken or will take Family Medical Leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601, et seq.  during the 2020-2021 school year.

50.

Currently no plaintiff is asserting a claim for discrimination or interference with leave rights under the FMLA.  However, for the sole purpose of illustrating the discriminatory effect of the CPSB's attendance quota as a means of achieving the declared goal of rewarding employees' efforts to support students and the community, RRU shows that the exemptions the CPSB uses to calculate eligibility for the one-time supplement unreasonably discriminates against those who

---

[2]     The six (6) qualifying conditions for EPSLA are (1) quarantine or isolation orders; (2) a recommendation to self-quarantine; (3) seeking a medical diagnosis for Covid-19 symptoms; (4) caring for an individual who is quarantining or isolating; (5) childcare to a Covid-19 school closure; and (6) other substantially similar conditions.  See 29 C.F.R. 826.20(a)(1)(i) – (a)(1)(vi).

have taken or will take Family Medical Leave in violation of federal regulations that implement the FMLA.

51.

The CPSB is an employer subject to the terms and conditions of the FMLA.  See 29 U.S.C. §2611(4)(A).  An employee's pregnancy and the employee's own serious health condition (which would include handicap or disability) are leave-qualifying conditions under the FMLA.  See 29 U.S.C. §2612(a)(1)(A), (D).

52.

The FMLA prohibits the employer from counting FMLA absences against the employee for purposes of eligibility for payment of any bonuses or rewards if the bonus or reward is paid to other employees taking other types of attendance leaves of absence.

53.

The FMLA regulations provide in relevant part:

> . . . if a bonus or other payment is based on the achievement of a specified goal such as hours worked, products sold or perfect attendance, and the employee has not met the goal due to FMLA leave, then *the payment may be denied, unless otherwise paid to employees on an equivalent leave status for a reason that does not qualify as FMLA leave.*  For example, if an employee who used paid vacation leave for a non-FMLA purpose would receive the payment, then the employee who used paid vacation leave for an FMLA-protected purpose also must receive the payment.

29 C.F.R. § 825.215(c)(2) (emphasis added).

54.

In this case, employees who used EPSLA, an attendance leave of absence, will not be denied the bonus pay because of those absences.  EPSLA leave days are not counted against the 90% attendance goal.   Additionally, 12-month employees who have paid vacation can use vacation pay for a non-FMLA purpose and their vacation day absences are not counted against them for purposes of determining their compliance with the 90% attendance goal.  However, employees who would be eligible for FMLA due to pregnancy and / or handicap or disability, or any other serious health condition (including Covid-19 infection) are treated differently and their

FMLA absences are counted against them for purposes of determining eligibility for the pay reward.

55.

Even if the pay plan did not violate the prohibitions against discrimination on the basis of sex and physical condition, it would fail under any lesser level of scrutiny because the attendance exemptions allowed for some employees, but not others, have no rational public purpose and are not otherwise lawful or legitimate.

IV.
RELIEF REQUESTED

56.

Plaintiffs seek a declaratory judgment declaring the CPSB Heroes Supplement for 2020-2021 a denial of equal protection and unreasonably discriminatory on the basis of sex and physical condition in violation of the provisions of La. Const. Art. I, Section 3.

57.

Plaintiffs further request that this court issue a preliminary injunction.   Plaintiffs are entitled to a preliminary injunction without having to show irreparable harm.   Because the action sought to be enjoined violates the constitution, Plaintiffs are not required to plead or show that they have suffered or will suffer irreparable harm.   See *St. Charles Gaming Co. v. Riverboat Gaming Comm'n*, 94-2697 (La. 01/17/95); 648 So.2d 1310, 1314 ("A preliminary injunction may not issue against a municipal body without a showing of irreparable harm unless or a prohibitory law.")

58.

Plaintiffs pray that this court set a date and time compelling Defendant to appear and show cause, if any, why a preliminary injunction should not issue prohibiting Defendant from implementing the one-time pay supplement until this court has issued a ruling on the Plaintiffs' request for a declaratory judgment.

WHEREFORE, Plaintiffs pray for the following relief:

1. That a declaratory judgment issue declaring the CPSB's "Heroes Supplement for School Year 2020-2021" unconstitutional under La. Const. Art. I, Section 3 on grounds that it discriminates on the basis of sex and physical condition, or alternatively is not rationally related to any legitimate public purpose.

2. That a preliminary injunction issue, without any showing of irreparable harm, prohibiting the CPSB from implementing the "Heroes Supplement for School Year 2020-2021" until this court has issued a ruling on the Plaintiffs' request for declaratory judgment.

3. For all further legal and equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,
DOWNER, JONES, MARION & WILHITE, LLC

By: _____
        Allison A. Jones, No. 16990
        Pamela R. Jones, No. 19640

American Tower
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
Telephone: (318) 213-4444
Facsimile: (318) 213-4445
Email: ajones@dhw-law.com
Email: pjones@dhw-law.com
**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE:**

CADDO PARISH SCHOOL BOARD PRESIDENT
John Albritton
1961 Midway Ave.
Shreveport, LA 71130

LOUISIANA ATTORNEY GENERAL JEFF LANDRY
1885 N. Third Street
Baton Rouge, LA 70802/



# CADDO PARISH SCHOOL BOARD
1961 MIDWAY STREET • SHREVEPORT, LOUISIANA 71108
AREA CODE 318 • Telephone 603-6300 • Fax 631-5241

heodis Lamar Goree, Ph.D.
Superintendent

TO: Caddo Parish School Board

FROM: Dr. T. Lamar Goree, Superintendent

DATE: February 26, 2021

SUBJECT: Heroes Supplement for CPSB Employees 2020-2021 School Year

Caddo's staff has continuously gone above and beyond to support students and the community. This year, sales tax revenues were higher than expected and have made it possible for the district to recognize and reward teachers and staff for their efforts through a one-time supplement.

The district is requesting the Caddo Parish School Board to consider allocating $1,000 per eligible employee for a one-time supplement. If approved, the supplement would be paid in June 2021 as a separate check. The estimated total cost of the Heroes Supplement is $6.5 million.

## Eligibility

Full-time employees will receive a one-time supplement of $1,000 if they have worked 90 percent of days required to be worked in the employee's job description for the 2020-2021 school year. ISS facilitators and substitutes who worked 90 percent of the available workdays in a school year will qualify to receive the supplement. Employees hired after the beginning of their position's work calendar would be eligible for a prorated one-time supplement if they worked 90 percent of the days required in their job description from their date of hire. For purposes of this supplement, a workday is defined as an employee being present to perform their daily responsibilities.

Employees will not have workshops, professional leave days or COVID-19 leaves of absence covered under the Emergency Paid Sick Leave (EPSL) provisions of the Families First Coronavirus Response Act (FFCRA) counted against them in calculating the 90 percent. Employee who otherwise meet the eligibility criteria must remain employed through the end of the school year in order to be paid the supplement.

Examples of employee work calendars and their 90 percent threshold are listed below but not exhaustive.

| Employee service days | Example positions in this category of days | Days required to be worked in the employee's job description | Maximum number of days which could be missed and still qualify for the supplement |
|---|---|---|---|
| 163 Day Calendar | ISS/Long-Term Sub | 148 days or more | 15 days missed |
| 172 Day Calendar | Teacher | 155 days or more | 17 days missed |
| 182 Day Calendar | Teacher/Coach | 164 days or more | 18 days missed |
| 202 Day Calendar | Coach | 182 days or more | 20 days missed |
| 226 Day Calendar | High School Principal | 203 days or more | 23 days missed |
| 260 Day Calendar | Central Staff | 234 days or more | 26 days missed |

**EXHIBIT**
1

Offering Equal Opportunity in Employment and Educational Programs



**Agenda Item Details**

Meeting                 Mar 23, 2021 - CPSB Meeting - 4:30 p.m.

Category                8. Other Action Items

Subject                 8.04 **Consideration of Heroes Supplement for School Year 2020-2021 (Goree)

Type                    Action

Recommended Action      To approve the proposed Heroes Supplement allocating $1,000 per eligible employee for a
                        one-time supplement as recommended by the superintendent and submitted in the electronic
                        mailout.


        HeroesSupplement.pdf (109 KB)


**Motion & Voting**

To approve the proposed Heroes Supplement allocating $1,000 per eligible employee for a one-time supplement as
recommended by the superintendent and submitted in the electronic mailout.

Motion by Dottie Bell, second by Don W Little.
Final Resolution: Motion Carries
Yes: Steve Riall, Jasmine Green, Terence Vinson, Don W Little, Bonita Douzart, Mary Trammel, Christine Tharpe, Tony
Nations, John L Albritton, Dottie Bell
No: Raymond E Green, Barry F Rachal

?

Motion by Steve Riall, second by Mary Trammel.
Final Resolution: Motion Carries
Yes: Steve Riall, Jasmine Green, Don W Little, Bonita Douzart, Mary Trammel, Raymond E Green, Christine Tharpe, Barry
F Rachal, John L Albritton, Dottie Bell
No: Terence Vinson, Tony Nations

karam                                                                    CPCC.CV.2536399

# 𝕽𝖚𝖑𝖊 𝖙𝖔 𝕾𝖍𝖔𝖜 𝕮𝖆𝖚𝖘𝖊

RED RIVER UNITED ETAL                    NO. 629520 -- C
          VS                             STATE OF LOUISIANA
CADDO PARISH SCHOOL BOARD                PARISH OF CADDO
                                         FIRST JUDICIAL DISTRICT COURT

TO:   CADDO PARISH SCHOOL BOARD
      THRU CADDO PARISH SCHOOL BOARD PRESIDENT JOHN ALBRITTON
      1961 MIDWAY AVE.
      SHREVEPORT, LA
      71130
                                  GREETINGS:

      YOU ARE HEREBY ORDERED, DIRECTED, AND COMMANDED, in the name of the State of
Louisiana and of this Honorable Court, to show cause before this Court on **MAY 17, 2021**, at **10:30 AM**, why
you should not comply with all that is contained in the certified copy of the order which accompanies this
RULE AND HEREIN FAIL NOT.

WITNESS the Honorable Judges of our Court on this date April 6, 2021.

OTHER:
                                    **MIKE SPENCE, CLERK OF COURT**

                              By: _____
                                              Deputy Clerk


                                    ALLISON A JONES - 8134
                                           Attorney
                                    A TRUE COPY....ATTEST

                                    _____
                                              Deputy Clerk

      If you are a person with a disability / reasonable accommodation and assistance may be available to
allow for your participation in the court proceedings. Please contact the Clerk of Court's office for more
information.


**SERVICE COPY**



RED RIVER UNITED,                                   FIRST JUDICIAL DISTRICT COURT
SARAH DAIGLE, KRISTA GORE,
CHRISTINA LAUGHLIN, KATIE SWEETEN
AND PATRICIA STALLCUP                               CADDO PARISH, LOUISIANA

VERSUS

CADDO PARISH SCHOOL BOARD                          SECTION _____

### RULE TO SHOW CAUSE

Considering the foregoing:

IT IS HEREBY ORDERED that Defendant CADDO PARISH SCHOOL BOARD show

cause on the __17__ day of ___May___, 2021, at _10:30_ o'clock _a_.m. why a

preliminary injunction should not issue prohibiting it from implementing the "Heroes Supplement

for School Year 2020-2021" to remain in effect until this court rules on the Plaintiffs' request for

declaratory judgment.

Shreveport, Caddo Parish, Louisiana this __5__ day of ___April___, 2021.


JUDGE MICHAEL PITMAN
_____
JUDGE

ENDORSED FILED
ORIGINAL ON FILE, CADDO OFFICE OF THE CLERK

APR 0 5 2021

A TRUE COPY - ATTEST
CADDO PARISH DEPUTY CLERK OF COURT

karam

CPCC.CV.2536399

# 𝕽𝖚𝖑𝖊 𝖙𝖔 𝕾𝖍𝖔𝖜 𝕮𝖆𝖚𝖘𝖊

RED RIVER UNITED ETAL
    VS
CADDO PARISH SCHOOL BOARD

NO. 629520 – C
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

TO:   CADDO PARISH SCHOOL BOARD
       THRU CADDO PARISH SCHOOL BOARD PRESIDENT JOHN ALBRITTON
       1961 MIDWAY AVE.
       SHREVEPORT, LA
       ~~71130~~ 71108

                                    GREETINGS:

     YOU ARE HEREBY ORDERED, DIRECTED, AND COMMANDED, in the name of the State of
Louisiana and of this Honorable Court, to show cause before this Court on **MAY 17, 2021**, at **10:30 AM**, why
you should not comply with all that is contained in the certified copy of the order which accompanies this
RULE AND HEREIN FAIL NOT.

WITNESS the Honorable Judges of our Court on this date April 6, 2021.

OTHER:

                              **MIKE SPENCE, CLERK OF COURT**

                              By: _____
                                       Deputy Clerk

                              _____
                               ALLISON A JONES - 8134
                                     Attorney

----------------------------------------------------------------------

SERVICE INFORMATION:         Date _____4-8-21_____ @0807

Personal ✓ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____

                      _____Abercrumbia #1127_____
                             Deputy Sheriff



karam

CPCC.CV.2536415

# Notice of Filing

RED RIVER UNITED ETAL
    VS
CADDO PARISH SCHOOL BOARD

NO. 629520 – C
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    LOUISIANA ATTORNEY GENERAL JEFF LANDRY
    1885 N THIRD STREET
    BATON ROUGE,  LA 70802

    YOU ARE HEREBY NOTIFIED that on **APRIL 5, 2021,**

RED RIVER UNITED, ETAL herein, filed a

PETITION FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUCTION

a copy of which accompanies this notice.

    CLERK'S OFFICE this date April 6, 2021.

           **MIKE SPENCE, CLERK OF COURT**

    PAMELA R JONES        By: _____
      Attorney                     Deputy Clerk

A person seeking to contest the validity of a registered (child custody determination) order shall request a hearing within twenty days after service of the notice. LA RS 13:1827 Subpart D.

--------------------------------------------------------------------------------------------------

SERVICE INFORMATION:          Date

Personal _____ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____

                          I made service at the Louisiana State Office
                   _____ ~~In the parish~~ of East Baton Rouge, by handing
                   Deputy Sheriff   said copy on:

                            APR 1 5 2021

Deputy Sheriff, Parish of East Baton Rouge, LA

APR 22 2021

RED RIVER UNITED, SARAH          NUMBER:  629,520-C
DAIGLE, KRISTA GORE, CHRISTINA
LAUGHLIN, KATIE SWEETEN AND
PATRICIA STALLCUP                    1st JUDICIAL DISTRICT COURT

VERSUS

CADDO PARISH SCHOOL BOARD      CADDO PARISH, LOUISIANA

## UNOPPOSED MOTION FOR EXTENSION OF
## TIME TO ANSWER OR OTHERWISE RESPOND

NOW INTO COURT, through undersigned counsel, comes CADDO PARISH

SCHOOL BOARD, Defendant, who moves the Court as follows:

1.

Plaintiffs filed their lawsuit against Defendant on April 6, 2021.  Defendant was

served with summons on April 8, 2021.  Defendant's answer to the Petition for Declaratory

Judgment is currently due on April 23, 2021.

2.

Due to the press of other matters and the need for further investigation of Plaintiffs'

allegations, Defendant requests an extension of time of fourteen (14) days, or until May 7,

2021, within which to answer or otherwise respond to Plaintiffs' petition.

3.

Undersigned counsel contacted Plaintiffs' counsel via email on April 22, 2021, who

does not oppose this motion.

WHEREFORE, DEFENDANT, CADDO PARISH SCHOOL BOARD, prays that

it be granted an extension of time of fourteen (14) days from April 23, 2021, or until May

7, 2021, within which to answer or otherwise respond to Plaintiffs' petition.

Respectfully submitted,

KEAN MILLER LLP

By: _____
      Brian R. Carnie, T.A., Bar No. 30868
      Michael D. Lowe, Bar No. 29323

333 Texas Street, Suite 450
Shreveport, LA 71101
Telephone:  (318) 562-2700
Facsimile:  (318) 562-2751
Email:  brian.carnie@keanmiller.com
        michael.lowe@keanmiller.com

and

Mary Kathryn Gimber, Bar No. 38748
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
Telephone:  (225) 387-0999
Facsimile:  (225) 388-9133
Email:  marykathryn.gimber@keanmiller.com

***ATTORNEYS FOR DEFENDANTS, CADDO PARISH SCHOOL BOARD***

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record, by email and/or placing a copy of same in the U.S. Mail, properly addressed and adequate postage affixed thereon.

Shreveport, Louisiana, this 22nd day of April, 2021.

_____
OF COUNSEL

RED RIVER UNITED, SARAH        NUMBER:  629,520-C
DAIGLE, KRISTA GORE, CHRISTINA
LAUGHLIN, KATIE SWEETEN AND
PATRICIA STALLCUP                1st JUDICIAL DISTRICT COURT

VERSUS

CADDO PARISH SCHOOL BOARD      CADDO PARISH, LOUISIANA

## O R D E R

The foregoing Motion considered:

IT IS HEREBY ORDERED that Defendant, CADDO PARISH SCHOOL BOARD,

is granted an extension of time of fourteen (14) days from April 23, 2021, or until May 7,

2021, in which to answer or otherwise respond to Plaintiffs' petition.

THUS DONE AND SIGNED on this 23 day of April, 2021.

_____
JUDGE MICHAEL PITMAN
District Judge

